UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

JUN 0 7 2005

SOUTHERN DIVISION

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| YANKTON SIOUX TRIBE, and its<br>individual members,<br><br>Plaintiffs,<br><br>-vs-<br><br>UNITED STATES ARMY CORPS OF<br>ENGINEERS; JOE N. BALLARD,<br>Chief Engineer, Army Corps of Engineers;<br>TOM CURRAN, Operations Manager,<br>Army Corps of Engineers Fort Randall<br>Project; and JOHN DOE, past Chief<br>Engineer, Army Corps of Engineers,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIV 99-4228<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

        The Court dismissed this action based upon Defendants' renewed Motion to Dismiss, Doc.
84, asserting that there was no longer a case or controversy. The Yankton Sioux Tribe ("the Tribe")
agreed that this action could properly be dismissed, but sought to reserve their ability to bring a
motion for attorney fees and costs pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.
§ 2412(d). The Tribe thereafter filed the pending Motion for Costs and Attorney Fees, Doc. 101.
The motion has been fully briefed and the Court requested additional briefs on some issues,
including the issue of whether the Tribe is a "party" as defined under the EAJA. For the reasons set
forth below, the motion will be denied.

        This case began when there was an inadvertent discovery of human remains, as defined by
the Native American Graves Protection and Repatriation Act, ("NAGPRA"), 25 U.S.C. § 3001 *et
seq.*, in the area known as the former St. Philip's cemetery near the Fort Randall Dam. The loose
and scattered remains were removed and disposition made to members of the Tribe. Other remains
were embedded and the ground was frozen. The Tribe eventually decided it wished the remains to

be permanently protected in place, rather than removed and disposition made to the Tribe. Defendants agreed to protect the remains in place.

The parties agreed that a covering consisting of a concrete mattress and rock would be the long-term protection for the site. This covering was completed in the falls of 2002 and 2003 and the remains are now protected in the way that was agreed upon. Thus, the Court determined that there was no longer a case or controversy pursuant to NAGRPA, and dismissed this action with prejudice. (*See* Order of Dismissal, Doc. 96). A Judgment dismissing this action with prejudice was entered on February 26, 2004. The Court stated in the Order of Dismissal that the issue of attorney fees and costs under the EAJA would only be considered if a proper motion was filed.

In its initial brief, the Tribe argues that this action was the catalyst to the Defendants' ultimate compliance with NAGPRA regarding the inadvertent discovery of human remains in the area known as the former St. Philip's cemetery and that they should, therefore, be considered a "prevailing party" for purposes of awarding attorney fees under the EAJA. In response to the initial motion and brief, Defendants argue that the Supreme Court's decision in *Buckhanon Board & Care Home, Inc. v. West Virginia Dept' of Health and Human Resources*, 532 U.S. 598, 602 (2001), precludes an award of attorney fees based upon the catalyst theory. Defendants contend that the Tribe's "failure to secure a judgment on the merits or a court-ordered consent decree" bars an award of attorney fees in this action. *Id.* at 600. In its reply brief, the Tribe abandons the catalyst theory and contends that the agreement the parties reached regarding the long-term protection for the site "should be characterized as having the full effect of an enforceable judgment or consent decree." (Plaintiff's Reply to Defendant's Responsive Brief on Plaintiff's Request for Fees and Costs, Doc. 113, at 8.) In a previous Order, however, the Court rejected Plaintiffs' argument that the agreement in this case should be characterized as having the effect of a judgment or consent decree and ordered additional briefing on different issues.

The additional briefing ordered by the Court was to address the following: Whether the preliminary relief granted by the Court in this action is sufficient to render the Tribe a prevailing

party for purposes of awarding fees under the EAJA. (Order, Doc. 114, Feb. 16, 2005.) The Tribe was also directed to identify how the preliminary relief granted by the Court gave it the relief it sought in filing the lawsuit. (*Id.*)

Another issue the Tribe was instructed to address was the Defendants' argument that the Tribe has not established it is a "party" as defined by the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B). (Order, Doc. 114.) In order for fees to be awarded, the Tribe must meet its burden of showing it meets the definition of a "party" under 28 U.S.C. § 2412(d)(2)(B).

Lastly, the Tribe was instructed to submit a revised affidavit of attorney fees and costs. The initial affidavit submitted by Ms. Wynne was insufficient for the Court to determine the reasonableness of the requested fees and costs.

## DISCUSSION

Unless otherwise prohibited by statute, a "prevailing party" may recover costs and reasonable fees and expenses of attorneys in any civil action brought against the United States pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA is a partial waiver of the United States' sovereign immunity, and, thus, must be strictly construed in the government's favor. *See Ardestani v. Immigration and Naturalization Serv.*, 502 U.S. 129, 137 (1991).

The Supreme Court explained that the "American rule" is that parties to litigation are ordinarily required to bear their own attorney's fees. *Buckhanon*, 532 U.S. at 602. An award of attorney's fees to the "prevailing party," however, is authorized in several statutes, including the EAJA. In order for fees to be awarded, the Tribe must meet its burden of showing it meets the definition of "party" under the EAJA, which provides in relevant part that:

> **(B)** "party" means ... any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed ....

3

28 U.S.C. § 2412(d)(2)(B); *see Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991) (recognizing that the party seeking fees under the EAJA has the burden of establishing its eligiblity).

The Court previously ordered the Tribe to address the Defendants' argument that it has not established it is a "party" as defined by the EAJA. The Tribe made one attempt to submit evidence on this issue, which was insufficient. To meet its burden to show that its net worth did not exceed $7,000,000, the Tribe submitted an affidavit of Leo O'Conner, the Chief Financial Officer for the Tribe, summarily stating that the Tribe "has net assets of less than $7,000,000.00." (Doc. 129.) This affidavit excluded trust land or contract monies. In an Order issued on April 21, 2005, Doc. 128, the Court informed the tribe that it had not met the burden of establishing it is a "party" under the EAJA and gave the Tribe a final opportunity to submit evidence to meet its burden. In the April 21, 2005 Order, the Court informed the Tribe that Mr. O'Conner's affidavit was insufficient because it: (1) addressed net *assets* rather than net *worth* as required by the EAJA; and (2) did not address the net worth of the Tribe *at the time the action was filed*, as required by the EAJA. Moreover, the Court noted that the Tribe provided no legal authority for excluding trust lands and contract monies from the net worth calculation for purposes of the EAJA.

In response to the April 21, 2005 Order, the Tribe submitted a document entitled "Supplemental Auditor Statement," Doc. 131, which is an affidavit of the Tribe's counsel attaching a letter from Kathryn Nordstrom, who is represented to be the Director and certified public accountant of the firm Wohlenberg Ritzman & Co. LLP. The Tribe's counsel represents that this firm performed an annual audit of the Tribe for the years 1999 and 2000. The letter states:

> In response to your request for information on the net assets of the Yankton Sioux Tribe available for payment of attorney fees, we have prepared the accompanying schedule, which is based on audited financial statements for the Yankton Sioux Tribe and for Fort Randall Casino and Hotel for the years of 1999 and 2000.
>
> It is our understanding that the Court has requested this information as of December 31. The Tribe's fiscal year end is September 30, for which audited financial statements are prepared. In our opinion, the financial position of the Tribe at December 31 would be comparable to the audited numbers at September 30.

(Doc. 131.)

4

The letter from the auditor is insufficient to establish that the Tribe has a net worth of less than $7,000,000. The auditor was apparently asked to provide information on "the net assets of the Yankton Sioux Tribe available for payment of attorney fees." It is not clear from the auditor's letter whether she is opining on the "net worth" of the Tribe. "Net assets available for payment of attorney fees" has not been defined by the auditor or the Tribe. For example, is she including only assets readily convertible to cash or do the figures include all assets of the Tribe? Moreover, the "Schedule of Net Assets available for payment of attorney fees for the years 2000 and 1999," attached to the auditor's letter excludes over $12,000,000 in "Federal funds" without any explanation of what those funds are or why they are excluded. Despite the Court's reference in the April 21, 2005 Order to a lack of supporting authority for excluding trust lands and contract monies from the net worth calculation under the EAJA, the Tribe has failed to submit authority for such exclusions.

In a fax received in chambers on June 2, 2005, and filed with the Clerk on June 6, 2005, the Tribe requests additional time to submit an affidavit of Elizabeth Perry, an Assistant Human Resources Manager for the Fort Randall Casino Hotel & Travel Plaza. (Doc. 133.) Ms. Perry's affidavit indicates that the Casino had 383 employees as of December 20, 1999. (Doc. 134.) In addition, an affidavit of the payroll clerk of the Tribe, Vickie Knife, states that there are 124 names on the payroll record for December 1999. (Doc. 130.) The payroll record submitted by Ms. Knife does not list the number of employees of the Fort Randall Casino and Hotel owned and operated by the Tribe. Thus, adding the number of employees in both affidavits results in a total of 507 employees. The Tribe acknowledged in its request for additional time that this new information may disqualify it from eligibility for attorney fees under the EAJA because of the requirement that it have no more than 500 employees at the time the action is filed.

The Court has given the Tribe several opportunities to submit evidence to establish that it is entitled to attorney fees under the EAJA. Based upon the record in this case, however, the Court concludes that the Tribe has failed to meet its burden of establishing it has a net worth of less than $7,000,000 and the evidence in the record indicates that the Tribe had more than 500 employees at

the time this action was filed. Thus, the Tribe has not shown it is a "party" as defined in the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B). The motion for costs and attorney fees will be denied. Accordingly,

IT IS ORDERED

1.     That the Plaintiff's Motion to Enlarge Time for Filing Supplemental Affidavits, Doc. 133, is granted.

2.     That Plaintiffs' Motion For Costs and Attorney Fees, Doc. 101, is denied.

Dated this ____ day of June, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY